IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PETER J. GIBBONS and JUDY A. GIBBONS | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.: |
| | ) | |
| VILLAGE OF BARRINGTON, an Illinois | ) | |
| Municipal Corporation, KAREN DARCH, individually | ) | |
| and in her capacity as the Village President of the | ) | |
| VILLAGE OF BARRINGTON, an Illinois Municipal | ) | |
| Corporation, DENNIS BURMEISTER, individually | ) | |
| and as agent of the VILLAGE OF BARRINGTON, | ) | |
| an Illinois Municipal Corporation, GREG SUMMERS, | ) | |
| individually and as agent of the VILLAGE OF | ) | |
| BARRINGTON, an Illinois Municipal Corporation | ) | |
| JIM WALLACE, Individually and as | ) | |
| agent of the VILLAGE OF BARRINGTON, an Illinois | ) | |
| Municipal Corporation, JEFF LAWLER, Individually | ) | |
| and in his capacity as Village Manager of the | ) | |
| VILLAGE OF BARRINGTON, an Illinois | ) | |
| Municipal Corporation, JEFF O'BRIEN, Individually | ) | |
| and as agent of the VILLAGE OF BARRINGTON, | ) | |
| an Illinois Municipal Corporation, NEWPORT | ) | |
| HOMES, INC., VINCE DELIGIO, Individually, | ) | |
| and as agent of NEWPORT HOMES, INC., | ) | |
| MICHAEL SCHALL, Individually, and as agent of | ) | |
| NEWPORT HOMES, INC., PRUDENTIAL | ) | |
| RUBLOFF PROPERTIES, a/k/a BHHS KOENIG | ) | |
| RUBLOFF REALTY GROUP, NANCY TAYLOR, | ) | |
| Individually, and as agent of PRUDENTIAL | ) | |
| RUBLOFF PROPERTIES a/k/a, BHHS KOENIG | ) | |
| RUBLOFF REALTY GROUP, and | ) | |
| MIDWEST REALTY VENTURES, LLC. | ) | |

Defendants.

**COMPLAINT AT LAW**

Plaintiffs' Peter J. Gibbons and Judy A. Gibbons, by and through their attorneys, Alan L. Farkas and Stepfon R. Smith, complain of Defendants as follows:

## INTRODUCTION AND NATURE OF THE CASE

1. Plaintiffs are the owners of real property improved with a single family home, located at 236 Waverly Road, Barrington, Illinois 60010 and formerly known as 240 Waverly Road, Barrington, Illinois 60010, more particularly described as:

> Lot 7 (EXCEPT THE WEST 105 FEET AND ALSO
> EXCEPT THE EAST 100 FEET, THEREOF) in
> Block 9 in Arthur T. McIntosh and Company's
> North West Highway Addition to Barrington, being
> a subdivision of the southwest ¼ of the northwest ¼
> of Section 26, Township 43 North, Range 9, East
> of the Third Principal Meridian, in Lake County,
> Illinois.

2. Plaintiffs' home was constructed by Defendant Newport Homes, Inc. in 2004, pursuant to a building permit and zoning variances authorized and issued by Defendant Village of Barrington, Illinois, its elected officials, employees, and agents in the year 2004.

3. Defendant Newport Homes, Inc., and Defendant Village of Barrington along with Defendants Dennis Burmeister, Greg Summers, Jim Wallace, Jeff Lawler, Jeff O'Brien, and Karen Darch (collectively "the Barrington Defendants") were aware that 236/240 Waverly Road, Barrington, Illinois 60010, was a natural waterway that had a history of flooding dating back to 1980 prior to the time the Village of Barrington issued the zoning variance and building permit for 236/240 Waverly Road in 2004.

4. On March 8, 2004, Jim Wallace, the Village of Barrington's Director of Building and Planning, acknowledged that 236/240 Waverly Road, Barrington, Illinois had severe flooding problems, needed strict storm water management review and that any building permit issued for 236/240 Waverly Road would be a **"VERY CONTROVERSIAL PERMIT."** (See Exhibit "A").

2

5. After Defendant Newport Homes, Inc. threatened to take legal action against the Village of Barrington in connection with a delay in granting a building permit for 236/240 Waverly, the Village of Barrington passed a zoning variance and issued a building permit for 236/240 Waverly Road in Barrington Illinois, despite having actual knowledge that the Plaintiffs' home would be built in a natural waterway/floodplain, with a long history of flooding.

6. Due to the well-known flooding problems at 236/240 Waverly, several existing homeowners living in the immediate area of 236/240 Waverly objected, in writing, to any construction taking place at 236/240 Waverly, in Barrington, Illinois, prior to the time the Village of Barrington issued building permits for the then known "Lot #7" at 236/240 Waverly Road, in Barrington, Illinois. (See Exhibit "B").

7. Further acknowledging the ongoing nuisance due to continued flooding at 236/240 Waverly, Jeff O'Brien, the Village of Barrington's Planning/Zoning Coordinator, wrote a letter to Ms. Kathleen M. Miner on July 18, 2003 notifying Ms. Miner that there were flooding issues at 236/240 Waverly and advising her that all flooding issues must be disclosed with the sale of the property as any new owner would be required to meet Village of Barrington standards for buildings and storm water management. (See Exhibit "C").

8. Despite having actual knowledge of pre-existing flooding problems at 236/240 Waverly, none of the Defendants, in particular, the Village of Barrington, disclosed the flooding issues to the Plaintiffs'.

9. All of the named Defendants in this case had actual knowledge that the Plaintiffs' home was to be built in a natural waterway and would be subject to extreme flooding, but because all of the Defendants' had a financial incentive for the home to be built, all of the

Defendants knowingly failed and refused to disclose the condition of the land and the land's long history for flooding, to the detriment of the Plaintiffs'.

10. The Plaintiffs subsequently paid Newport Homes, Inc. nearly $700,000.00 to build their single family home at 236/240 Waverly Road in Barrington, Illinois.

11. Since 2007, the Plaintiffs' home has flooded on multiple occasions, resulting in several hundred thousands of dollars of property damage and diminution in market value, with the most recent flood starting on June 26, 2013 and lasting for a period of 3 days thereafter.

12. Plaintiffs' home is neither marketable nor habitable due to repeated flooding of the lot at 236/240 Waverly in Barrington, Illinois.

## THE PARTIES, JURISDICTION AND VENUE

13. The subject property is located in Lake County, Illinois, within the Northern District of Illinois.

14. Plaintiffs' are U.S. Citizens and reside in the Northern District of Illinois.

15. All wrongful and tortious actions described herein were committed in the Village of Barrington, Illinois, in the Northern District of Illinois.

16. Defendant Village of Barrington is a municipal corporation organized under the Constitution and the laws of the State of Illinois with its principal office within the Northern District of Illinois.

17. All of the Defendants either reside within or regularly conduct business in the Northern District of Illinois.

18. This Court has jurisdiction pursuant to 28 U.S.C. §§1331 & 1367 and 42 U.S.C. §1983 and §1985, the Fifth and Fourteenth Amendments to the Constitution of the United States of America and this Court's supplemental jurisdiction over state law claims.

19. Venue is proper pursuant to 28 U.S.C. §1391(b). The events giving rise to the claims asserted herein all occurred within the Northern District of Illinois, all defendants reside in this District and all of the events and conduct giving rise to this action occurred in the Northern District of Illinois.

## COUNT I – UNLAWFUL TAKING

For Count I of the Plaintiffs' Complaint, the Plaintiffs' seek compensation from the Village of Barrington, a Municipal Corporation, for taking their property without just compensation, in violation of the Fifth Amendment of the United States Constitution, as applied to the State of Illinois and the Village of Barrington, Illinois through the Fourteenth Amendment of the United States Constitution. In support thereof, the Plaintiffs' state as follows:

20. The Plaintiffs' repeat and restate paragraphs 1 through 19 of their Complaint as if more fully set forth herein.

21. For purposes of Count I, all actions taken by the Defendants with respect to the issuance of building permits and the allowance of zoning variances for the construction of improved property at 236/240 Waverly, in Barrington, Illinois was done within the course of their authority, employment and their actual or apparent authority to act on behalf of the Village of Barrington.

22. By the above described actions, the Defendants have deprived the Plaintiffs of their property rights, and the Defendants have otherwise prevented the Plaintiffs from exercising the normal and customary rights of a property owner, including but not limited to the right to quiet enjoyment, the right to sell their property, and the right to improve the property.

23. The building permits and zoning variances issued by the Defendants were arbitrary, capricious, irrational and done with reckless disregard for Plaintiffs' rights and with the

express intention of financial gain for the Village of Barrington, thereby depriving the Plaintiffs' of their property rights, and denying Plaintiffs the normal and customary rights of property owners, including, but not limited to their rights to quiet enjoyment, and the right to sell the property.

24. The Village of Barrington has not provided or offered any compensation to the Plaintiffs for the above-referenced actions.

WHEREFORE, for relief under Count I of their Complaint, the Plaintiffs' seek damages against the Village of Barrington, equal to the diminished value of Plaintiff's real property together with the profits that would have been derived from any sale of the property, and all costs, fees and other relief that this Court deems to be just and proper.

## COUNT II: §1983

For Count II of their Complaint, the Plaintiffs' seek compensation from Defendants DARCH, BURMEISTER, SUMMERS, WALLACE, LAWLER, O'BRIEN and the VILLAGE OF BARRINGTON (collectively "the Barrington Defendants") for violating the Plaintiffs' property rights and due process rights, in violation of the Fourth, Fifth and Fourteenth Amendments of the United States Constitution, and in support thereof, state as follows:

25. The Plaintiffs' repeat and restate paragraphs 1-24 of their Complaint as if more fully set forth herein.

26. The Barrington Defendants were active participants in all proceedings of the Village of Barrington as described above, and these Defendants purposefully and maliciously used their influence to deprive the Plaintiffs of the opportunity to enjoy their property rights through the arbitrary and capricious issuance of building permits and zoning variances which

allowed Defendant Newport Homes, Inc. to build the Plaintiffs' home in a natural waterway that had known flooding problems dating back to 1980.

27. The Barrington Defendants collectively, influenced, participated, facilitated, recommended and approved the building permit and zoning variance for 236/240 Waverly, in Barrington, Illinois based on actual knowledge of the quality and character of the subject real estate, with full knowledge that the property was subject to flooding and that several existing homeowners objected to any residential development at 236/240 Waverly, in Barrington, Illinois due to the risk of continued and worsening flooding problems at 236/240 Waverly and in the immediate surrounding area.

28. All of the aforementioned actions by the Barrington Defendants were taken while they were acting under color of law.

29. The actions of the Barrington Defendants deprived the Plaintiffs' of both procedural and substantive rights to due process, as well as their rights to hold and enjoy property, in violation of the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

30. The actions of the Barrington Defendants have prevented the Plaintiffs' from their quiet enjoyment and ability to sell the subject real estate or otherwise enjoy their rights and benefits of property ownership.

WHEREFORE, for relief under Count II of Plaintiffs' Complaint, the Plaintiff's seek damages against DARCH, BURMEISTER, SUMMERS, WALLACE, LAWLER, and O'BRIEN for their Constitutional violations and attorneys' fees pursuant to 42 U.S.C. §1988, and all costs, fees, and other relief that this Court deems to be just and proper.

## COUNT III – VIOLATION OF THE CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT – 815 ILCS 505/1 (ALL DEFENDANTS)

For Count III of Plaintiffs' Complaint, the Plaintiffs' seek punitive damages from all of the Defendants collectively for their collective and concerted efforts in violating the Illinois consumer fraud statute. In support thereof, the Plaintiffs' state as follows:

31. The Plaintiffs' repeat and restate paragraphs 1 through 30 of their Complaint as if more fully set forth herein.

All of the Defendants, participated in causing or conducting one or more of the following deceptive acts:

    a. Issued building permits for a lot that was known to be a natural waterway/floodplain, with a long history of flooding;

    b. Issued zoning variances for a lot that was known to be a natural waterway/floodplain, with a long history of flooding;

    c. Coerced the Village of Barrington , its duly elected officials, agents and employees to issue a building permit despite having actual knowledge that 236/240 Waverly in Barrington, Illinois was a natural waterway/floodplain, with a long history of flooding;

    d. Actively and continuously listed the 236/240 Waverly lot for sale for residential development despite having actual knowledge that said lot was a natural waterway/floodplain, with a long history of flooding;

    e. Constructed improved real estate at 236/240 Waverly despite having actual knowledge that said lot was a natural waterway/floodplain subject to flooding;

    f. Participated in a real estate closing, despite having actual knowledge that the home built for the Plaintiffs' at 236/240 Waverly in Barrington, Illinois was situated in a natural waterway/floodplain, with a long history of flooding;

    g. Intentionally failed to disclose the condition of the lot at 236/240 Waverly in Barrington, Illinois to the Plaintiffs' (purchasers), despite having actual knowledge that the subject lot was situated in a natural waterway/floodplain, with a long history of flooding;

      h.      Accepted building permit fees from other Defendant(s), for the construction of residential property at 236/240 Waverly in Barrington, Illinois, despite having actual knowledge that the subject lot was situated in a natural waterway/floodplain, with a long history of flooding;

      i.      Accepted nearly $700,000.00 in home construction funds from the Plaintiffs' for construction of the Plaintiffs' single family residence at 236/240 Waverly, in Barrington, Illinois, despite having actual knowledge that the Plaintiffs' home was built in a lot which was situated in a natural waterway/floodplain, with a long history of flooding.

    32.    All of the Defendants intended that the Plaintiffs' rely upon the Defendants' deceptive conduct with respect to the authority to build, the actual building/improvement of the subject lot, and the conveyance of the improved residential lot 236/240 Waverly, in Barrington, Illinois to the Plaintiffs.

    33.    All of the deceptive acts engaged in by the Defendants' occurred in the regular and ordinary course of trade or commerce.

    34.    The Plaintiffs' have sustained damages as a result of the Defendant(s) collective and concerted deceptive acts in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act.

    WHEREFORE, for relief under Count III of their Complaint, the Plaintiffs' seek actual and punitive damages against all of the Defendants equal to the diminished value of Plaintiffs' real property together with punitive damages, the profits that would have been derived from any sale of the property, and all costs, fees and other relief that this Court deems to be just and proper.

## COUNT IV – BREACH OF THE IMPLIED WARRANTY OF HABITABILITY
## (NEWPORT HOMES, INC.)

For Count IV of their Complaint, the Plaintiffs seek compensation from Defendant NEWPORT HOMES, INC. for its direct involvement in requesting building permits and zoning variances, and subsequently constructing a residential dwelling in a well-known natural waterway/floodplain, with a long history of flooding, and failing to disclose certain key facts regarding the quality and the character of the real estate located at 236/240 Waverly, in Barrington, Illinois which ultimately led the Plaintiffs' to pay nearly $700,000.00 for a home that is not suited for the Plaintiffs' intended use as a residence and that is subject to the continuing nuisance of flooding, which renders the premises unsafe, unhealthy, unsanitary, and unhabitable.

35. The Plaintiffs' repeat and restate paragraphs 1-34 of their Complaint as if more fully set forth herein.

36. The concerted efforts of Newport Homes, Inc. caused the Plaintiffs to build a home in natural waterway/floodplain that has flooded multiple times, year after year, since the home was originally built.

37. Due to multiple incidents of flooding, the Plaintiffs are not able to utilize the residence at 236/240 Waverly, Barrington, Illinois, for is intended use as a private residence.

38. The well-known defects in the quality and character of the land for which the Plaintiffs' single family residence sits on at 236/240 Waverly, Barrington, Illinois has rendered the residence unsafe, unhealthy, unsanitary, and uninhabitable.

39. Had the Plaintiffs' known that 236/240 Waverly, Barrington, Illinois was part of a natural waterway, Plaintiffs would not have purchased the property.

40. Any effort by Newport Homes, Inc. to disclaim or limit the warranty of habitability is not valid as the Plaintiffs' are entitled to the quiet enjoyment of their residence and are entitled to use their residence for its intended use.

WHEREFORE, for relief under Count IV of their Complaint, the Plaintiffs' seek damages against Newport Homes, Inc. equal to the diminished value of Plaintiffs' real property together with the profits that would have been derived from any sale of the property, and all carrying costs, fees and other relief that this Court deems to be just and proper.

## COUNT V – COMMON LAW FRAUDULENT MISREPRESENTATION AND CONCEALMENT (ALL DEFENDANTS)

For Count V of Plaintiffs' Complaint, the Plaintiffs' seek actual and punitive damages from all of the Defendants collectively for their collective and concerted efforts in fraudulently misrepresenting and concealing the true character and quality of the subject real estate at 236/240 Waverly, Barrington, Illinois, thereby inducing the Plaintiffs to proceed with building a home in a well-known natural waterway/floodplain at a cost of nearly $700,000.00. In support thereof, the Plaintiffs state as follows:

41. The Plaintiffs repeat and restate paragraphs 1 through 40 of their Complaint as if more fully set forth herein.

42. All of the Defendants, collectively, knowingly engaged in or participated in one or more of the following acts:

    a. Issued building permits for a lot that was known to be a natural waterway/floodplain, with a long history of flooding;

    b. Issued zoning variances for a lot that was known to be a natural waterway/floodplain, with a long history of flooding;

    c. Coerced the Village of Barrington , its duly elected officials, agents and employees to issue a building permit despite having actual knowledge that

          236/240 Waverly in Barrington, Illinois was a natural waterway/floodplain, with a long history of flooding;

d.    Actively and continuously listing 236/240 Waverly lot for sale for residential development despite having actual knowledge that said lot was a natural waterway/floodplain, with a long history of flooding;

e.    Constructed improved real estate at 236/240 Waverly despite having actual knowledge that said lot was a natural waterway/floodplain subject to flooding;

f.    Participated in a real estate closing, despite having actual knowledge that the home built for the Plaintiffs' at 236/240 Waverly in Barrington, Illinois was situated in natural waterway/floodplain, with a long history of flooding;

g.    Intentionally misrepresented and concealed the true quality and character of the lot at 236/240 Waverly in Barrington, Illinois from the Plaintiffs' (purchasers), despite having actual knowledge that the subject lot was situated in a natural waterway/floodplain, with a long history of flooding;

h.    Accepted building permit fees from other Defendant(s), for the construction of residential property at 236/240 Waverly in Barrington, Illinois, despite having actual knowledge that the subject lot was situated in a natural waterway/floodplain, with a long history of flooding;

i.    Accepted nearly $700,000.00 in home construction funds from the Plaintiffs' for construction of the Plaintiffs' single family residence at 236/240 Waverly, in Barrington, Illinois, despite having actual knowledge that the Plaintiffs' home was built in a lot which was situated in a natural waterway/floodplain, with a long history of flooding.

43.    At all times relevant to Plaintiffs' Complaint, all of the Defendants made false statements of material fact to the Plaintiffs' before, during and after the completion of the design-build construction carried out at 236/240 Waverly, in Barrington, Illinois, to the effect that the property was appropriate for a single family home.

44.    At all times relevant to Plaintiffs' Complaint, all of the Defendants had actual knowledge that the statements made to or about the Plaintiffs' regarding the character and quality of the land at 236/240 Waverly, in Barrington, Illinois were false.

45. At all times relevant to Plaintiffs' Complaint, the Defendants, all of them, had a financial incentive for the Plaintiffs' to proceed with the construction of their home, and therefore, the Defendants intended that their false statements regarding the character and quality of the real estate located at 236/240 Waverly, Barrington, Illinois would induce the Plaintiffs to build the home in the natural waterway and pay nearly $700,000.00 for the home.

46. At all times relevant to Plaintiffs' Complaint, Plaintiffs relied upon the truth of the false statements and concealments intentionally made by all of the Defendants.

47. Plaintiffs sustained damages resulting from the reliance on the statements made by the Defendants.

WHEREFORE, for relief under Count V of their Complaint, the Plaintiffs seek actual and punitive damages against all of the Defendants equal to the diminished value of Plaintiffs' real property together with the profits that would have been derived from any sale of the property, and all costs, fees and other relief that this Court deems to be just and proper.

## COUNT VI – PROPERTY DAMAGE (ALL DEFENDANTS)

For Count VI of Plaintiffs' Complaint, the Plaintiffs' seek damages from all of the Defendants, collectively, for their concerted efforts in causing in excess of $100,000.00 of property damage to the Plaintiffs' residence. In support thereof, the Plaintiffs state as follows:

48. The Plaintiffs repeat and restate paragraphs 1 through 47 of their Complaint as if more fully set forth herein.

49. All of the Defendants had a duty to act reasonably regarding the issuance of the required building permits and zoning variances, the construction of the Plaintiffs' residence and critical disclosures concerning the nature and quality of the land where the Plaintiffs' home was to be built.

50. Defendants' breached their duty of reasonable care to the Plaintiffs in one or more of the following ways:

    a. Improperly issuing building permits for construction at 236/240 Waverly, in Barrington, Illinois;

    b. Improperly issuing zoning variances for construction at 236/240 Waverly, in Barrington, Illinois;

    c. Failing to install and maintain adequate water pumping facilities near 236/240 Waverly to prevent flooding at 236/240 Waverly;

    d. Failing to conduct adequate pre-construction soil testing to determine water content at 236/240 Waverly prior to laying the foundation of the Plaintiffs' residence;

    e. Constructing a single family home in a well-known natural waterway/floodplain, with a documented history of flooding, specifically at 236/240 Waverly;

    f. Failing to disclose certain defects in the nature and quality of 236/240 Waverly prior to the Plaintiffs' closing on the improved real estate at 236/240 Waverly;

    g. Ignoring warnings made by other local homeowners objecting to any construction at 236/240 Waverly, in Barrington, Illinois for fear of further exacerbation of the pre-existing flooding at said location.

51. The breach of duty by all of the Defendants was the proximate cause of damage to the Plaintiffs' residence due to extreme flooding at the Plaintiffs' residence (See Exhibit "D").

52. Plaintiffs' sustained damages of a personal and pecuniary nature due to the replacement cost of property damage sustained during multiple flooding events, the most recent of which resulted in over 8 feet of water entering into their basement and causing sewer backup in the main floor of the residence and in the bathroom and kitchen areas of the main floor of the residence forcing the Plaintiffs' to evacuate their home after been ordered to leave the home after Plaintiffs' reported the flood to 911 emergency services.

WHEREFORE, for relief under Count VI of their Complaint, the Plaintiffs' seek damages against all of the Defendants for the replacement cost of all property damage sustained in the successive flooding events at 236/240 Waverly, in Barrington, Illinois and any other relief that this Court deems to be just and proper.

### COUNT VII – §1985

For Count VII of Plaintiffs' Complaint, the Plaintiffs' seek damages from all of the Defendants, collectively, for their concerted efforts in engaging in a conspiracy against the Plaintiffs which directly caused injury to the Plaintiffs' property and has prevented the Plaintiffs from exercising the rights and privileges attendant to property ownership that other citizens of the United States enjoy. In support thereof, the Plaintiffs state as follows:

53. The Plaintiffs repeat and restate paragraphs 1 through 52 of their Complaint as if more fully set forth herein.

54. All of the Defendants, together, acted as co-conspirators to sell the Plaintiffs a lot and home in a floodplain which resulted in the Plaintiffs paying significant sums of money to construct a home in a location where a home should not have been built.

55. All of the Defendants made money as a result of the successful execution of the conspiracy.

56. All of the Defendants engaged in one or more of the following overt acts relating to and furthering the conspiracy:

    a. Requesting improper zoning variances and seeking improper building permits for a lot located in a natural waterway/floodplain with a long history of flooding problems;

    b. Approving and issuing the improper zoning variances and the improper building permits for a lot located in a natural waterway/floodplain with a long history of flooding problems;

  c. Conveying a lot to the Plaintiffs by deed on March 30, 2005 for a lot located in a natural waterway/floodplain with a long history of flooding problems;

  d. Listing a lot located in a natural waterway/floodplain with a long history of flooding problems;

  e. Participating in a real estate closing where the Plaintiffs unknowingly purchased a home in a natural waterway/floodplain with a long history of flooding problems;

  f. Intentionally concealing the true character and quality of the subject lot for financial gain when the Defendants knew that the Plaintiffs were building a home in natural waterway/floodplain with a well- documented flooding problem.

57. All of the Defendants in this case were linked together and inextricably intertwined so that the conspiracy could not have been carried out if even one Defendant disclosed to the Plaintiffs that the home they were building was constructed squarely within a natural waterway/floodplain and each Defendant had actual knowledge of these facts prior to the time the Plaintiffs' residence was built.

58. The Defendants collectively agreed not to disclose to the Plaintiffs that their home was being built in a natural waterway/floodplain, with a long history of flooding, and this illegal agreement deprived the Plaintiffs of the rights and privileges afforded to citizens of the United States by the Fourth, Fifth, and Fourteenth Amendments.

59. The conspiracy carried out by the Defendants resulted in a loss of market value to the Plaintiffs' residence, the loss of use of the Plaintiffs' residence and the loss of quiet enjoyment of Plaintiffs' residence.

WHEREFORE, for relief under Count VII of their Complaint, the Plaintiffs' seek damages against all of the Defendants, as co-conspirators for the injuries and deprivations sustained by the Plaintiffs' for the injuries to the Plaintiffs' property in the form of reduction of

value, loss of use, and loss of quiet enjoyment and any other relief that this Court deems to be just and proper.

### COUNT VIII – ILLINOIS STATE CLAIM OF CIVIL CONSPIRACY TO COMMIT THE TORTS OF CONVERSION AND BREACH OF FIDUCIARY DUTY

For Count VIII of Plaintiffs' Complaint, the Plaintiffs' seek damages from all of the Defendants, collectively, for their concerted efforts in engaging in a conspiracy against the Plaintiffs which resulted in several torts being committed against the Plaintiffs. In support thereof, the Plaintiffs state as follows:

60. The Plaintiffs repeat and restate paragraphs 1 through 59 of their Complaint as if more fully set forth herein.

61. All of the Defendants, together, acted as co-conspirators for the purpose of selling a home to the Plaintiffs by unlawful means, specifically, by engaging in the unlawful act of failing to disclose that 236/240 Waverly is a natural waterway/floodplain that had a long history of flooding which all of the Defendants knew at all times relevant to Plaintiffs' Complaint.

62. All of the Defendants had a duty to the Plaintiffs not to attempt to accomplish a lawful purpose by unlawful means.

63. All of the Defendants engaged in one or more of the following unlawful acts thereby intentionally breaching a duty to the Plaintiffs:

    a. Requesting improper zoning variances and seeking improper building permits for a lot located in a natural waterway/floodplain with a long history of flooding problems;

    b. Approving and issuing the improper zoning variances and the improper building permits for a lot located in a natural waterway/floodplain with a long history of flooding problems;

  c. Conveying a lot to the Plaintiffs by deed on March 30, 2005 for a lot located in a natural waterway/floodplain with a long history of flooding problems;

  d. Listing a lot located in a natural waterway/floodplain with a long history of flooding problems seeking to sell the lot for purposes of residential construction;

  e. Participating in a real estate closing where the Plaintiffs unknowingly purchased a home in a natural waterway/floodplain with a long history of flooding problems;

  f. Intentionally failing to disclose the true character and quality of the subject lot for financial gain when the Defendants knew that the Plaintiffs' were building a home in natural waterway/floodplain with a well-documented flooding problem.

64. The Plaintiffs have greater rights to the property because they paid nearly $700,000.00 to purchase the property from Defendant Newport Homes, Inc., and since March 2005, have paid real estate taxes on said property in amounts at or greater than $11,000.00 per year for each consecutive year since 2006.

65. A wrongful taking has occurred by the Defendants without the consent of the Plaintiffs in the form of diminished property value, lost profits and continuing carrying costs.

66. The Village of Barrington, is, in effect in possession of 236/240 Waverly, inconsistent with the rights of the Plaintiffs.

67. At all times relevant to Plaintiffs' Complaint, a fiduciary duty existed between the Plaintiffs and the Village of Barrington.

68. The Village of Barrington owed certain fiduciary duties to the Plaintiffs as a result of the Village of Barrington's fiduciary position as a public entity which collects property taxes from the Plaintiffs and others similarly situated and authorizes private parties to construct residential dwellings within its corporate limits for sale to new residents such as Plaintiffs.

69. The Village of Barrington breached its fiduciary duties to the Plaintiffs' in the following particulars:

    a. Approving and issuing the improper zoning variances and the improper building permits for a lot located in a natural waterway/floodplain with a long history of flooding problems;

    b. Intentionally failing to disclose the true character and quality of the subject lot for financial gain when the Defendants knew that the Plaintiffs' were building a home in natural waterway/floodplain with a well- documented flooding problem.

70. The Village of Barrington's breach of its fiduciary duties proximately caused injury to the Plaintiffs' property as the value of said property has diminished, Plaintiffs cannot improve the property and Plaintiffs continue to incur the costs of carrying the property.

71. Through the wrongful taking by the Defendants, the Village of Barrington has breached its fiduciary duties to the public at large as the diminution in value of the Plaintiffs' property operates to reduce the value of neighboring properties.

72. Defendants, collectively, intentionally converted the Plaintiffs' property for their own pecuniary gain, thereby damaging Plaintiffs.

73. Defendant Village of Barrington has breached its fiduciary duties to the Plaintiffs' and public at large through their intentional and vexatious conduct, thereby damaging Plaintiffs.

WHEREFORE, for relief under Count VIII of their Complaint, the Plaintiffs seek damages against all of the Defendants, as co-conspirators for the injuries and deprivations sustained by the Plaintiffs, for the injuries to the Plaintiffs' property in the form of reduction of value, loss of use, and loss of quiet enjoyment and any other relief that this Court deems to be just and proper.

## JURY DEMAND

Plaintiffs' Peter J. Gibbons and Judy A. Gibbons hereby demand a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Dated: June 26, 2014

                              RESPECTFULLY SUBMITTED,

                              /s/ Stepfon R. Smith

                              Attorney for the Plaintiffs

Stepfon R. Smith, Esq.
Alan Farkas, Esq.
Rayen Dennis, Esq.
SmithAmundsen LLC
150 N. Michigan Avenue – Suite 3300
Chicago, IL 60617
Phone: (312) 894-3200
Facsimile: (312) 997-1852
E-mail: ssmith@salawus.com
E-mail: afarkas@salawus.com
E-mail: rdennis@salawus.com